**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**TOMMIE STRICKLAND,**

    **Petitioner,**               **CASE NO. 2:09-CV-681**
                                          **JUDGE MARBLEY**
**v.**                                      **MAGISTRATE JUDGE ABEL**

**PHILLIP KERNS, WARDEN,**

    **Respondent.**

**OPINION AND ORDER**

On November 29, 2010, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation* and a request for a certificate of appealability (Doc. 19.) For the reasons that follow, Petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.** Petitioner's request for a certificate of appealability is **GRANTED,** in part, and **DENIED**, in part**.**

In this habeas corpus petition, Petitioner asserts that his re-trial after declaration of a mistrial violated the Double Jeopardy Clause (claim one), and that he was convicted in violation of the Confrontation Clause (claim two.) On November 29, 2010, the Magistrate Judge recommended dismissal of these claims on the merits.

Petitioner objects to the Magistrate Judge's recommendations. He again argues that his re-prosecution violated the Double Jeopardy Clause, since he withdrew his request for a mistrial before the jury had been released. Additionally, he again asserts that admission of out-of-court statements of Allen Wright and Keon Lewis violated the Confrontation Clause since neither of the foregoing

witnesses were unavailable for trial.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review.  For the reasons already detailed in the Magistrate Judge's *Report and Recommendation*, this Court likewise concludes that petitioner's claims fail to warrant federal habeas corpus relief.  Therefore, Petitioner's objections are **OVERRULED**.

Petitioner also seeks a certificate of appealability on his claims.  When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983).  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)).  To make a substantial showing of the denial of a constitutional right, a petitioner must show " that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack*, 529 U.S. at 484 (quoting *Barefoot*, 463 U.S., at 893, & n.4).

This Court is persuaded that reasonable jurists would debate whether Petitioner's re-prosecution after declaration of a mistrial violated the Double Jeopardy Clause; however, the Court is not persuaded that reasonable jurists would debate whether the Court properly dismissed claim two on the merits.  Therefore, Petitioner's request for a certificate of appealability is **GRANTED,** in part and **DENIED,** in part.  The following issue is certified for appeal:

> Did Petitioner's re-prosecution after the declaration of a mistrial violate the Double Jeopardy Clause?

Petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

                                                                   s/Algenon L. Marbley
                                                                 **ALGENON L. MARBLEY**
                                                                 **UNITED STATES DISTRICT JUDGE**

**DATED: January 26, 2011**